IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ARNULFO RODRIGUEZ-CASTELLANOS,)
                              )
Petitioner,                   )
                              )
        v.                    )   NO. 2:04-CR-80
                              )
UNITED STATES OF AMERICA,     )   (NO. 2:07-CV-27)
                              )
Respondent.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by the Petitioner, Arnulfo Rodriguez-Castellanos, on January 26, 2007. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED** to close the civil docket file.

BACKGROUND

Petitioner, Arnulfo Rodriguez-Castellanos, along with 13 others, was charged with two counts in a twenty-two count superceding indictment (D.E. # 37). Pursuant to a Plea Agreement (D.E. # 270), Petitioner pleaded guilty to one count (Count Four)

charging him with distributing 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1).

The plea agreement contained, *inter alia*, the following waiver of rights:

> e. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel related directly to this waiver or its negotiation, including** any appeal under Title 18, United States Code, Section 3742 or **any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

(*See* Plea Agreement ¶ 7(e))(emphasis added). At the change of plea hearing, Petitioner indicated that he understood this section, that he waived his right to appeal even on the basis of incompetence of counsel, that his waiver was knowing and voluntary, that no one forced him to agree to this waiver and that he was asking the Court to approve it as part of his plea agreement. In exchange for his guilty plea, the Government agreed to dismiss the other charge (Count One) against Petitioner (*see* Plea Agreement ¶ 7(d)), which the Court granted (D.E. # 344) on the Government's motion. Also in exchange for his guilty plea the Government agreed to recommend

acceptance of responsibility contingent upon Petitioner's continued demonstration of acceptance of responsibility. (*See* Plea Agreement ¶ 7(c).)

Based on the pre-sentence investigation report, the Court sentenced the Petitioner to a term of imprisonment of eighty-seven months, the minimum under the U.S. Sentencing Guidelines for Petitioner's criminal history and offense level. Instead of appealing his sentence, Petitioner filed the instant motion.

In the currently pending motion, Petitioner requests the Court to vacate his sentence on Count One of the superceding indictment. Because this Court dismissed Count One on June 20, 2006 (D.E. # 344), Petitioner never pleaded guilty or was convicted on the charge contained Count One and the Court never sentenced Petitioner based on the charge contained in Count One, this Court construes the Petitioner's request as pertaining to Count Four and, in the alternative, **DENIES** Petitioner's request pertaining to Count One.

Petitioner nominally asserts four separate grounds for relief in his motion. Because all alleged grounds form the basis for the same claim, this Court construes Petitioner's motion as a single request to vacate his sentence based on his counsel's ineffective assistance for failing to raise Petitioner's status as a deportable alien as a grounds for a lighter sentence. Defendant argues that he is entitled to adjustment of his sentence based on "collateral consequences [ ] necessarily based on [his] status as an alien."

3

The Government argues that this motion should be denied due to Petitioner's express waiver of his appellate rights.

DISCUSSION

Petitioner explicitly agreed to waive any appeal or post-conviction proceeding (*e.g.,* 28 U.S.C. § 2255 petition) on any basis except for ineffective assistance of counsel during plea negotiations. (*See* Plea Agreement ¶7(e).) This type of waiver is enforceable so long as the waiver is "express and unambiguous" and made "knowingly and voluntarily." *See, e.g.*, *Jones v. U.S.*, 167 F.3d 1142, 1144 (7th Cir. 1999).

Here, Petitioner does not argue that his waiver was invalid, nor does this Court have any reason to believe that the waiver was ambiguous or that it was not made knowingly and voluntarily. Indeed, at the change of plea hearing held on February 13, 2006, Petitioner specifically indicated that he understood paragraph 7(e) of the plea agreement, that his waiver was knowing and voluntary, that no one forced him to agree to this waiver and that he was asking the Court to approve it as part of his plea agreement. Accordingly, because Petitioner knowingly and voluntarily waived his right to appeal or petition for post-conviction relief on incompetence of counsel at sentencing and the instant motion requests relief based on his counsel's performance at sentencing, Petitioner's motion is **DENIED**.

4

Even if the Petitioner had not waived his right to post-conviction relief, Petitioner's claim would still fail. Under *Strickland v. Washington,* 466 U.S. 668, 687-91 (1984), Petitioner must show both that his counsel was incompetent and that, but for his deficient performance, the result would have been different. *See, e.g., Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

Here, the record does not show that counsel was incompetent in any way during sentencing (or any other aspect of the case). Not only did defense counsel successfully negotiate a plea agreement where Petitioner would receive a reduction in offense level and dismissal of a charge in the superceding indictment, but, in addition, Petitioner received the minimum sentence under the guidelines. Notably, the Court is not aware of any cases treating a lawyer's failure to raise one argument in support of a lower sentence as ineffective assistance of counsel where the lawyer had already negotiated a plea agreement that provided for a reduction in offense level and offered grounds that persuaded the Court to sentence the defendant to the minimum under the guideline range.

In addition, in this circuit, a defendant's status as a deportable alien is only relevant where "it may lead to conditions of confinement or other incidents of punishment that are substantially more onerous than the framers of the guidelines contemplated in fixing the punishment range for the defendant's

5

offense." *U.S. v. Gallo-Vasquez*, 284 F.3d 780, 784 (7th Cir. 2002)(citing *U.S. v. Guzman,* 236 F.3d 830, 834 (7th Cir. 2001); *see also U.S. v. Meza-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003); *United States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997). Merely because a defendant is deportable does not entitle him or her to a reduced sentence. *See, e.g., Meza-Urtado*, 351 F.3d at 304; *Salcido-Cruz v. U.S.*, No. 02 C 8951, 2005 WL 1270047, *6-7 (N.D. Ill. May 25, 2005)("[D]epartures based on a defendant's status as a deportable alien[] are not made as a matter of course"); *Hernandez v. United States*, 2001 WL 243294, *2 (S.D. Ind. January 26, 2001)("In this case, there is no chance that Hernandez would have received an even lighter sentence if his attorney had added the deportable alien status to the already substantial grounds argued (and accepted) for a downward departure.").

Here, Petitioner argues that just because he may be deported he is entitled to a lower sentence. That is not the law. *Id.* If it were "any alien who commits a crime should receive a shorter sentence than a citizen. Such a rule would invite aliens who did not want to live in the United States to come here to commit crimes." *Guzman,* 236 F.3d at 833-34.

Moreover, to the extent Petitioner contends that his ineligibility to serve his sentence in a minimum security facility entitles him to a reduced sentence, the Seventh Circuit has likewise already rejected this argument. *See Guzman,* 236 F.3d at

6

834; *Meza-Urtado*, 351 F.3d at 304. And Petitioner's vague reference to other "collateral consequences [ ] necessarily based on [his] status as an alien" does not entitle him to a lighter sentence because Petitioner must establish specific conditions of confinement that are "substantially more onerous than the framers of the guidelines contemplated." *See Gallo-Vasquez*, 284 F.3d at 784-85 (requiring district court to make specific findings on "how the defendant's conditions of confinement would differ as a result of his alienage and whether those differences would have made the defendant's sentence more onerous than was contemplated by the framers of the Sentencing Guidelines").

Because Petitioner cannot show, nor can this Court discern how Petitioner's sentence is "substantially more onerous" than the guidelines contemplate, there is no chance Petitioner would have received a lighter sentence based on his status as a deportable alien. Accordingly, Petitioner's attorney did not render ineffective assistance of counsel. Therefore, even if Petitioner had not waived his right to post-conviction relief based on his counsel's performance at sentencing, his motion would still be denied.

CONCLUSION

    For the foregoing reasons, Petitioner's motion is **DENIED.** The Clerk is **ORDERED** to close the civil docket file.

**DATED: August 3, 2007**                    /s/ RUDY LOZANO, Judge
                                              **United States District Court**